ELMO G. VALLE AND ODETTE SCHIELKE, PLAINTIFFS-RESPONDENTS-CROSS-APPELLANTS, v. NORTH JERSEY AUTOMOBILE CLUB, A MUTUAL ASSOCIATION INCORPORATED IN ACCORDANCE WITH TITLE 15 OF THE LAW OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, AND FLOYD HUGHES, ALEXANDER PATTERSON, PETER CALCIA AND CARLETON H. RITTER, DEFENDANTS-APPELLANTS, AND WALTER D. VAN RIPER, AUTO CLUB AGENCY OF HUDSON COUNTY, A CORPORATION OF THE STATE OF NEW JERSEY, DONALD HUGHES, ALEXANDER PATTERSON, JR., AND WILLIAM HOLLRITT.

WILLIAM RICCARDO, PLAINTIFF-INTERVENOR-CROSS-APPELLANT, v. JAMES T. WHITE, DEFENDANT.

Argued May 23, 1977—Decided July 25, 1977.

---

110

Mr. *Albert S. Gross* argued the cause for appellants Hughes, Paterson, Calcia and Ritter (*Messrs. Gross, Demetrakis and Sinise,* attorneys).

Mr. *Howard Stern* argued the cause for cross-appellants Valle and Schielke (*Mr. A. Crew Schielke, Jr.,* attorney).

Mr. *John B. Hall* argued the cause for cross-appellant Riccardo (*Messrs. Davies, Davies and Hall,* attorneys).

Mr. *James E. Flynn* argued the cause for respondent (*Mr. James P. Dugan,* attorney).

PER CURIAM. In this derivative action the trial court held, 125 *N. J. Super.* 302 (Ch. Div. 1973), that defendants-appellants, directors of the North Jersey Automobile Club (Club), were jointly and severally liable for damages totalling $87,540 covering a period from 1965 to 1971. This spanned the time from when plaintiff-intervenor Riccardo became a member of the Club to when an insurance agency, originally acquired in 1951 by these directors for their own interest, was turned over to the Club. The trial judge further ordered a partial revision of the Club's election procedures. This determination was modified by the Appellate Division, 141 *N. J. Super.* 568 (1976), with respect to the amount the defendants-appellants were to be surcharged, specifically by increasing the amount of the judgment against them to $200,916.

While the general rule in derivative actions is that a plaintiff must be a shareholder at the time of the transaction of which he complains, *N. J. S. A.* 14A:3–6; *R.* 4:32–5; see 3B *Moore's Federal Practice,* § 23.1.01 *et seq.* (2d ed. 1976), the court below accomplished its modification of the trial court's judgment by applying the "continuing wrong" exception to this requirement. 141 *N. J. Super.* at 578–82. The effect was to expand the period over which damages were to be computed by moving the be-

ginning point back from 1965, when Riccardo's membership commenced, to 1951, when the insurance company was acquired. In all other respects the trial court's judgment was affirmed.

The case is here as of right because of Judge (now Justice) Handler's partial dissent in the Appellate Division, 141 *N. J. Super.* at 582. *R.* 2:2–1(a)(2). Plaintiffs cross-appeal under *R.* 2:3–4, seeking additional counsel fees and further revision of the Club's election procedures. The dissenting judge would have affirmed the trial court's judgment *in toto*. On the damages issue which occasioned his partial dissent, Judge Handler reasoned that equitable considerations, including *inter alia* the staleness of the claim and consequent difficulties of proof, "underscore[d] the essential fairness of the award and the decision to delimit the period of recovery." 141 *N. J. Super.* at 585. We modify the judgment of the Appellate Division substantially for the reasons explicated in the dissenting opinion below.

█ In doing so we do not destroy, impair, or otherwise erode one of the essential principles of the majority opinion in the Appellate Division, amply buttressed there by respectable authority, namely, that once a stockholder has status to bring suit on behalf of other members and the business entity, he should ordinarily be permitted to seek recovery for damages incurred by so much of the continuing wrong as were sustained before he acquired his stock as well as for those incurred thereafter. 141 *N. J. Super.* at 579–80. Today's decision does not in any way stand for the proposition that in a "continuing wrong" situation a stockholder who did not own his stock when the wrong occurred is in all cases foreclosed from tracing the beginning point of damages sustained by the corporation back to the original wrong. The point to be made, emphasized by the dissenter below, is that the circumstances before us, as determined by the trial judge, excite the invocation of equitable principles to shrink the period during which recovery will be allowed.

In reinstating the judgment of the trial court we should not be understood as approving all of its opinion or as adopting its reasoning and statements of legal principle, including the inappropriateness of class action as a device for a derivative stockholders' suit, as universally acceptable pronouncements of corporate law. There are some basic differences between the Club in this case and the typical publicly-held corporation. The business organization involved here is a non-profit membership corporation organized under *N. J. S. A.* 15:1-1 *et seq.* Its essential purpose is to provide automobile road service and furnish travel information. Included in its other public activities are the promotion of highway safety and lobbying for legislation related thereto. The members are not so much concerned with overseeing a full range of management functions as they are with securing service. Under its by-laws no member has any proprietary interest in the Club. Recognition of these features renders the case very nearly *sui generis.*

The judgment of the Appellate Division is modified in accordance with the partially dissenting opinion below and, as modified, affirmed.

*For affirmance as modified*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, CLIFFORD and SCHREIBER and Judges CONFORD and HALPERN—7.

*For reversal*—None.