STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. CHARLES H. PRITCHARD, JR., DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 31, 1978—Decided June 30, 1978.

Before Judges MATTHEWS, CRANE and ANTELL.

*Mr. Wayne J. Martorelli,* Deputy Attorney General, argued the cause for appellant (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney).

*Mr. Justin P. Walder* argued the cause for respondent (*Messrs. Walder, Steiner & Sondak,* attorneys; *Mr. John A. Brogan* on the brief).

The opinion of the court was delivered by

ANTELL, J. A. D. Defendant Charles H. Pritchard, Jr., successfully moved in the Law Division to dismiss 39 counts of an 111-count indictment. Dismissal was ordered on the ground that insufficient evidence had been presented to the grand jury to sustain the charges of fraudulently misusing corporate property, *N. J. S. A.* 2A:102–3. The State made no objection to the procedure followed and the defendant's motion was granted on the basis of undisputed facts. This appeal is before us by our leave granted on the State's application. *R.* 2:2–4.

*N. J. S. A.* 2A:102–3 provides:

Any director, member or officer of any corporation or association who fraudulently takes, misapplies or misuses any money or property of the corporation or association, is guilty of a misdemeanor.

Charles H. Pritchard, Jr. and codefendant William G. Pritchard, his brother, were the sole stockholders, serving respectively as president and vice-president, of Pritchard & Baird Intermediaries Corporation, a New York corporation authorized to do business in New Jersey. The business of the corporation involved distributing percentages of risk under large insurance policies from primary insurers (ceding companies) to secondary insurers (assuming companies). Included among the company's obligations was the duty to distribute proportionately among the assuming companies the commission moneys which were paid to Pritchard & Baird by the ceding companies for this purpose.

The violations alleged in the 39 dismissed counts consist of cash withdrawals made by defendant which were shown as loans on the books of Pritchard & Baird, and the State is prepared to prove that these impaired the corporation's ability to pay out the commissions. The Law Division judge granted the motion on the reasoning that since the withdrawals were made with the knowledge and consent of the sole stockholders of the corporation the "intent to defraud

the said corporation" alleged in the indictment was negatived as a matter of law.

Central to a fraudulent conversion are the concepts of breach of trust and reliance by the injured party. *State v. Palumbo,* 137 *N. J. Super.* 13, 17 (App. Div. 1975); *State v. Croland,* 54 *N. J. Super.* 594, 602 (App. Div. 1959), aff'd 31 *N. J.* 380 (1960); 26 *Am. Jur.* 2d, *Embezzlement,* §§ 1, 16 (1966). Here the capacity of defendant to defraud his own corporation is supported by nothing other than the fiction of the separate corporate entity. We are shown no deceitful or faithless conduct by defendant which induced Pritchard & Baird to part with its money or by which the conversion thereof was accomplished. The withdrawals, in fact, were openly recorded on the books of the company. Furthermore, there can be no reliance in any meaningful sense of the word where the corporate mind is indistinguishable from that of the alleged embezzler and with full knowledge of the facts consents to the use of its money. "In other words, he [defendant] merely took the funds from himself under a different name." *Davis v. United States,* 226 *F.* 2d 331, 335 (6 Cir. 1955), *cert.* den. 350 *U. S.* 965, 76 *S. Ct.* 432, 100 *L. Ed.* 838, reh. den. 351 *U. S.* 915, 76 *S. Ct.* 693, 100 *L. Ed.* 1449 (1956).

We conclude only that defendant's conduct is not encompassed by the particular criminal statute under which these counts of the indictment were returned. We do not intend to imply that he is free of all criminal accountability. If, as the State argues, he is criminally answerable for the financial loss sustained by the ceding companies, this issue has been presented for consideration by other counts of the indictment charging him with the embezzlement of those moneys under *N. J. S. A.* 2A:102–5.

The result here reached is in accord with views elsewhere expressed. *State v. Croland, supra; United States v. Goldberg,* 206 *F. Supp.* 394, 405 (E. D. Pa. 1962), aff'd 330 *F.* 2d 30 (3 Cir. 1964), *cert.* denied 377 *U. S.* 953, 84 *S. Ct.* 1630,

12 *L. Ed.* 2d 497 (1964) ; *Dawkins v. Commissioner of Internal Revenue,* 238 *F.* 2d 174, 178 (8 Cir. 1956) ; *Davis v. United States, supra; United States v. Augustine,* 188 *F.* 2d 359, 360 (3 Cir. 1951), *cert.* den. 342 *U. S.* 815, 72 *S. Ct.* 29, 96 *L. Ed.* 616 (1951). *Contra, State v. Harris,* 147 *Conn.* 589, 165 *A.* 2d 399 (Sup. Ct. Err. 1960) ; *State v. Stiles,* 5 *Utah* 2d 101, 297 *P.* 2d 227 (Sup. Ct. 1956).

 ■ Also before us for review is that part of the Law Division's order granting defendant's motion "for a plenary hearing, at which the State has the affirmative burden of proving by clear and convincing evidence that any evidence which was used before the grand jury was not derived by the use of proofs of the testimony of Charles H. Pritchard, Jr. subject to statutory immunity." The testimony referred to was given by defendant in his bankruptcy proceeding and is encompassed by 11 *U. S. C. A.* § 25(a) (10) which provides :

[N]o testimony, or any evidence which is directly or indirectly derived from such testimony, given by him shall be offered in evidence against him in any criminal proceeding * * *.

The rights involved are coextensive with the privilege against self-incrimination protected by the Fifth Amendment to the Constitution of the United States. *Murphy v. Waterfront Comm'n of New York Harbor,* 378 *U. S.* 52, 54, 84 *S. Ct.* 1594, 12 *L. Ed.* 2d 678 (1964). The State's burden, which is a "heavy" one, *State v. Gregorio,* 142 *N. J. Super.* 372, 375 (Law Div. 1976), is to demonstrate that its evidence is not tainted by establishing an independent, legitimate source thereof. *Kastigar v. United States,* 406 *U. S.* 441, 461, 92 *S. Ct.* 1653, 32 *L. Ed.* 2d 212 (1972), reh. den. 408 *U. S.* 931, 92 *S. Ct.* 2478, 33 *L. Ed.* 2d 345 (1972) ; *State v. Vinegra,* 134 *N. J. Super.* 432, 440 (App. Div. 1975), aff'd 73 *N. J.* 484 (1977). The State's contention that it has met its affirmative burden by the submission of affidavits and copies of subpoenas *duces tecum* was rejected by the Law

Division judge and we will not disturb his factual findings and legal conclusions. *Rova Farms Resort v. Investors Ins. Co.,* 65 *N. J.* 474, 481 (1974).

Affirmed.

CRANE, J. A. D., concurring. I concur in result only because I think we are controlled by *State v. Croland,* 54 *N. J. Super.* 594 (App. Div. 1959), aff'd. 31 *N. J.* 380 (1960), the rationale of which I believe to be erroneous. See *State v. Harris,* 147 *Conn.* 589, 164 *A.* 2d 399 (Sup. Ct. 1960); *People v. Schmidt,* 147 *Cal. App.* 2d 222, 305 *P.* 2d 215 (D. Ct. App. 1956); *State v. Stiles,* 5 *Utah* 2d 101, 297 *P.* 2d 227 (Sup. Ct. 1956); 26 *Am. Jur.* 2d, *Embezzlement* § 11 at 561.