**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Danny Wayne SMATHERS, Defendant and Appellant.**

**No. 15911.**

Supreme Court of Utah.

Oct. 30, 1979.

Danny Wayne Smathers, pro se.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

Defendant Danny Wayne Smathers appeals from a jury conviction of aggravated sexual assault a first-degree felony.[1] He makes these claims of error: that the information was not sufficiently specific to inform him of the accusation against him; and that the charge of misconduct is proscribed by two different statutes with different penalties and that he should be entitled to be convicted and punished under the lesser of the two.

As is invariably true in such cases, the defendant's version of what occurred is different in vital aspects from the State's evidence. Where such differences occur we are obliged to assume that the jury believed that which supports their verdict.[2]

This offense arose out of an episode which originated at Marion's Lounge in Murray after midnight on November 10, 1977. The prosecutrix, J____ S____, worked as a bartender at the lounge. The defendant was there as a customer and repeatedly asked J____ S____ to go to breakfast with him. She finally consented and at approximately 1:00 a. m., drove with him to a cafe in the vicinity called the China Inn, where they had breakfast. They then drove back to the parking lot of Marion's Lounge where the defendant asked the prosecutrix to have sexual intercourse with him. When she refused the defendant resorted to violence. Despite her resistance and attempts to escape, the defendant seized her, threatened her life, and overcame her resistance and had intercourse with her.

Immediately after this occurrence, the prosecutrix was examined and treated at the St. Mark's Hospital. The examining physician testified that the only evidence of violence he found was bruises around her eyes and a cut over her right eye.

Defendant's arguments are: that the information was fatally defective as not sufficiently informing him of the nature of the accusation in that it did not expressly state that he caused serious bodily injury to the prosecutrix, nor that she was the object of the alleged threat, and further that it did not distinguish between aggravated sexual assault and rape.

To be considered in connection with that argument is Section 77–21–8, U.C.A.1953, which provides that an information sufficiently charges the offense by stating:

. . . the name given to the offense by the common law or by a statute.

(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

(2) The information or indictment may refer to a section or subsection of any statute creating the offense charged therein, and in determining the validity or sufficiency of such information or indictment regard shall be had to such reference.

1. Pursuant to Sec. 76–5–405, U.C.A.1953.

2. *State v. Wilcox*, 28 Utah 2d 71, 498 P.2d 357 (1972); *State v. Siddoway*, 61 Utah 189, 211 P.

968 (1922); *Lee v. Howes*, Utah, 548 P.2d 619 (1976).

The information charged that the defendant committed "AGGRAVATED SEXUAL ASSAULT (Felony of the First Degree), in violation of Title 76, Chapter 5, Section 405, Utah Code Annotated, 1953, as amended" and then stated:

That on or about the 10th day of November, 1977, in Salt Lake County, State of Utah, the said Danny Wayne Smathers raped J— S— by the threat of death and serious bodily injury;

As we have heretofore stated, what the defendant is entitled to is an information which sufficiently informs him to enable him to understand the charge against him and to prepare a defense.[3] If it fulfills that requirement, it is sufficient. It need not serve the purpose of discovery, nor constitute a statement of legal theories or conclusions or arguments. Considered in the light of what has been said above, we think the information was sufficient to meet the requirements of our statute and applicable decisional law in apprising the defendant of the charge he was obliged to meet.

Defendant's second point is that the conduct prohibited under Sec. 76–5–402, U.C.A.1953, for rape, a second-degree felony, is the same conduct prohibited under Sec. 76–5–405, U.C.A.1953, for aggravated sexual assault, a first-degree felony.[4]

From a reading of the statutes referred to, it is amply clear that the elements of the two crimes are not the same. The critical element in the former statute, which deals with rape, is that the act of sexual intercourse be accomplished by the accused, with a female, not his wife, without her consent, whereas the latter, which deals with aggravated sexual assault, requires that in addition thereto the accused cause "serious bodily injury to the victim," or accomplish the rape by the threat thereof. In this case, the trial court correctly instructed the jury as to both offenses, and upon the basis of evidence which the jury could fairly and reasonably believe, they found him guilty of the greater offense.

Affirmed. No costs awarded.

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

---

3. *State v. Stites,* 5 Utah 2d 101, 297 P.2d 227 (1956).

4. *State v. Loveless,* Utah, 581 P.2d 575 (1978), is cited as authority that where this situation exists the accused should receive the lesser penalty for rape as a matter of law.