STATE OF NEW JERSEY, PLAINTIFF, v. CHARLES H. PRITCH-
ARD, JR. AND WILLIAM G. PRITCHARD, DEFENDANTS.

Superior Court of New Jersey
Law Division—Morris County

Decided November 9, 1979.

*Charles R. Buckley* for the State (*John J. Degnan*, Attorney General, attorney).

*Justin P. Walder* for defendant Charles H. Pritchard, Jr. (*Walder, Steiner* and *Sondak*, attorneys).

*Timothy J. Sheehan* for defendant William G. Pritchard.

MacKENZIE, J. S. C.

Charles H. Pritchard, Jr. and his brother, William G., were indicted by the state grand jury in an 111-count indictment charging them with violations of *N.J.S.A.* 2A:102 3 (conversion of some $5.5 million of corporate funds by officers between 1973 and 1975), of *N.J.S.A.* 2A:111 14 (fraudulent use of two corporations to facilitate this conversion), and of *N.J.S.A.* 2A:102 5 (embezzlement of funds belonging to insurance companies). Prior to trial Charles H. Pritchard, Jr. moved to dismiss the

indictment on the authority of *N.J.S.A.* 2C:1 1c(3).[1] William G. Pritchard joined in the motion without filing a written notice or offering any separate argument. This opinion is an amplification of an oral decision rendered on November 9, 1979.

## I

Counts 1 through 39 charge Charles H. Pritchard, Jr., with converting moneys of Pritchard and Baird Intermediaries Corporation ("Intermediaries"), a New York corporation which was authorized to engage in the business of reinsurance brokerage in New Jersey. Counts 60 through 109 charge similar illegal conduct on the part of his brother. The books and records of Intermediaries openly set forth cash withdrawals by Charles Pritchard of almost $2½ million as "loans" between March 21, 1973 and January 27, 1975. In the same manner William G. Pritchard withdrew over $3 million from Intermediaries over virtually the identical period. The proofs in the grand jury record indicated that the two Pritchards were the sole shareholders of the corporation during these years. Based on these factors these conversion counts were dismissed by another judge who found that the grand jury record did not establish any fraud by Charles H. Pritchard, Jr. against the corporation owned by the two brothers.[2] The Appellate Division affirmed in *State v. Pritchard*, 160 *N.J.Super.* 310 (1978). The Supreme Court summarily reversed the judgment of the Appellate Division. 79 *N.J.* 462 (1978).

---

[1]*N.J.S.A.* 2C:1-1c(3) provides that

> In any case pending on or initiated after the effective date of the code involving an offense committed prior to such date . . . the court shall, if the offense committed is no longer an offense under the provisions of the code, dismiss such prosecution.

[2]William G. Pritchard did not make the same motion.

On remand, and with an expanded record, the 39 counts were reinstated when proofs established that Charles H. Pritchard, Sr., the father of defendants, was also a shareholder of Intermediaries until his death in December 1973 and that his stock holdings were devised to his widow. Both parents were found to have been stockholders and directors during the period covered by the indictment. The State persuaded the court that a factual record existed from which a reasonable jury could find that Charles H. Pritchard, Jr. defrauded the corporate entity by converting to his own use money which was the property of Intermediaries.

The present motion to dismiss is bottomed on the premise that the statutory offenses set forth in the indictment were not carried over into the New Jersey Code of Criminal Justice, *N.J.S.A.* 2C:1 1 et seq. Both statutes were specifically repealed by *N.J.S.A.* 2C:98 2. The effect of the repealer is the issue here. Charles H. Pritchard, Jr. urges that the prosecution should be dismissed pursuant to the provisions of *N.J.S.A.* 2C:1 1c(3). The State contends that the conduct proscribed by *N.J. S.A.* 2A:102 3 and by *N.J.S.A.* 2A:111 14 is still unlawful.

*N.J.S.A.* 2A:102 3 provided that any officer of a corporation who fraudulently converts property of the corporation is guilty of a misdemeanor.[3] A breach of the trust owed by an officer to his corporation and reliance by the corporation on an officer to its injury are the cornerstones of the statute.[4] In the conversion counts of the indictment the State charges that Charles H. Pritchard, Jr., as president of Intermediaries, issued or caused to be issued from the corporation checking account on 39 separate occasions a check payable to himself in various designated

---

[3]The former statute read as follows:

Any director, member or officer of any corporation or association who fraudulently takes, misapplies or misuses any money or property of the corporation or association, is guilty of a misdemeanor.

[4] *State v. Pritchard, supra,* 160 *N.J.Super.* at 313; *State v. Croland,* 54 *N.J.Super.* 594 (App.Div.1959), aff'd 31 *N.J.* 380 (1960).

amounts; that he deposited the checks into his personal checking account, and that thereby he did unlawfully and fraudulently take, misapply and misuse money of the said corporation with the intent to defraud the corporation.

In the new Code *N.J.S.A.* 2A:102 3 is cross-referenced to *N.J.S.A.* 2C:20 9 and 2C:21 15. *N.J.S.A.* 2C:20 9 imposes criminal liability on those who commit theft by failure to make required disposition of property received. This new statute makes illegal the failure to make specific disposition or payment after obtaining the property when subject to a known legal obligation to make specified payment or other disposition. The elements of the new offense are: purposeful obtaining or retention of property subject to a known legal obligation, failure to make the required disposition or payment, and conversion of the property to the defendant's use.

The section is not restricted in its application to public officials as defendant argues; it applies to corporate officers, as was defendant, and others who receive property while under a duty to pay out. Property may include commingled funds held by such a corporation, including premiums paid by ceding insurance companies or loss payments sent by assuming companies to ceding companies through a reinsurance broker.[5] By practice and custom in the reinsurance industry, these moneys are considered trust funds and are held by the reinsurance broker

---

[5]For a thorough description of the reinsurance business, see *Francis v. United Jersey Bank*, 162 *N.J.Super.* 355 (Law Div.1978), aff'd 171 *N.J.Super.* 34 (App.Div.1979), which sets forth the business activities of the Pritchards. Neither defendant in this case appeared as a party or witness in that civil case.

Ceding companies are insurance companies which seek other insurance companies, called reinsurers or assuming companies, to share a risk. The ceding companies thus become the assured on the reinsurance treaties or contracts between the ceding companies and the reinsuring companies. There appears to be no regulation in New Jersey or the reinsurance business.

subject to a known duty to pay out to an assuming company. The State alleges that Charles H. Pritchard, Jr., by withdrawing this money from Intermediaries' checking account and using these funds for his own purposes defrauded Intermediaries by ensuring its inability to meet its duty to pay insurance premiums to assuming companies or loss payments to ceding companies, thus forcing the corporation into bankruptcy.

*N.J.S.A.* 2C:21 15 makes illegal the misapplication of entrusted property.[6] This section prohibits a fiduciary from disposing of public or private property which has been entrusted to him in a manner which he knows is unlawful and which involves a substantial risk of loss or detriment to the owner or beneficiary of the entrusted property. "Fiduciary" is defined broadly to include agent or organizations, such as corporations which act as fiduciaries. *N.J.S.A.* 2C:20 1. Like the new Code provision, *N.J.S.A.* 2A:102 3 required a showing of fraudulent intent. *See State v. Croland, supra,* 54 *N.J.Super.* at 601, n. 4. According to the State, the custom and practice in the reinsurance business establishes that Intermediaries became a fiduciary by collecting funds from ceding and assuming insurance companies, by holding those funds in trust and then by paying the funds out to the appropriate recipients. As president of Intermediaries, defendant was its agent. *Cf. Daloisio v. Peninsula Land Co.,* 43 *N.J.Super.* 79 (App.Div.1956); *Valle v. North Jersey Auto. Club,*

---

[6]This new statute reads as follows:

A person commits a crime if he applies or disposes of property that has been entrusted to him as a fiduciary, or property of the government or of a financial institution in a manner which he knows is unlawful and involves substantial risk of loss or detriment to the owner of the property or to a person for whose benefit the property was entrusted whether or not the actor has derived a pecuniary benefit. "Fiduciary" includes trustee, guardian, executor, administrator, receiver and any person carrying on fiduciary functions on behalf of a corporation or other organization which is a fiduciary.

141 *N.J.Super.* 568 (App.Div.1976), mod. and aff'd 74 *N.J.* 109 (1977).

■ This court is charged with the duty of construing the provisions of the Code "according to the fair import of their terms." *N.J.S.A.* 2C:1 2(c). The elements of the offense under the repealed statute charged in the indictment and the elements of the offenses under the present Code are substantially the same. The policy reasons for condemning this unlawful conduct are readily apparent. By reference to either or both new statutes, the conduct of Charles H. Pritchard, Jr. as alleged in the first 39 counts of the indictment remains illegal.

## II

Counts 40 through 57 charge Charles H. Pritchard, Jr. with embezzling premiums paid to Intermediaries by various ceding insurance companies between March 21, 1973 and December 2, 1975 in violation of *N.J.S.A.* 2A:102 5. These counts charge that this defendant embezzled funds which were the property of the various insurance companies by taking "loans" from Intermediaries. The amount of moneys allegedly converted by defendant nearly coincides with the total allegedly embezzled.

■ Charles H. Pritchard, Jr. additionally moved to compel the State to elect between proceeding on the conversion counts or on the embezzlement counts by arguing that the moneys paid to Intermediaries by the various ceding insurance companies could not belong to both Intermediaries (counts 1 through 39) and to the various ceding insurance companies (counts 40 through 57) at the same time. The State then elected not to try the embezzlement counts and that part of the motion to dismiss was rendered moot.[7]

---

[7]Conduct prohibited by *N.J.S.A.* 2A:102 5 is presumably still unlawful under *N.J.S.A.* 2C:20 9.

## III

Counts 58 and 59 charge Charles H. Pritchard, Jr. with using two New Jersey corporations, P & B Intermediaries Corporation and P & B, Inc., for an illegal purpose, in violation of *N.J.S.A.* 2A:111 14. The statute provides that the officer of a corporation who willfully uses, operates or controls a New Jersey corporation for the furtherance or promotion of any fraudulent or unlawful object is guilty of a misdemeanor. The alleged illegal object was to defraud the various insurance companies serviced by these two corporations through the "loans" advanced to this defendant.

*N.J.S.A.* 2A:111 14 is cross-referenced to *N.J.S.A.* 2C:20 4, which prohibits theft by deception. The Code provision makes illegal the purposeful attainment of property belonging to another by deception. Deception is defined broadly to include purposeful conduct which

(a) Creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind;

(b) Prevents another from acquiring information which would affect his judgment of a transaction;

(c) Maintains (that is, fails to correct) a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

The indictment alleges that Charles H. Pritchard, Jr. used P & B, Inc. and P & B Intermediaries Corporation, two New Jersey corporations, for the promotion of a fraudulent and unlawful object, that is, to unlawfully and fraudulently take and appropriate for his own use sums of money paid as reinsurance premiums to the corporation by various ceding companies.

The new statute does not precisely prohibit the use of a corporation to further an unlawful object. Nonetheless, the use of two corporations as alleged may have had the effect of

creating or reinforcing a false impression on the part of the various ceding companies that P & B, Inc. and P & B Intermediaries Corporation stood in a fiduciary relationship to those insurers. The State argues that moneys intended to be used as premiums were taken by Charles H. Pritchard, Jr. for his own personal purposes instead of buying reinsurance for the ceding company through the vehicle of the two corporations. The theft section of the Code is broad in scope. As noted in the commentary:

> The crime here defined may be committed in many ways, i. e., by a stranger acting by stealth or snatching from the presence or even the grasp of the owner, or by a person entrusted with the property as agent, bailee, trustee, fiduciary, or otherwise. Thus offenses which formerly fell into such categories as larceny, embezzlement and fraudulent conversion are dealt with here.[8]

The conduct alleged in these two counts continues to be illegal.

## IV

Counts 60 through 109 charge William Pritchard, while vice-president of Intermediaries, with conversion of more than $3 million of corporate property, in violation of *N.J.S.A.* 2A:102 3. In form the language of these counts applicable to William G. Pritchard is identical to the allegations of the first 39 counts against his brother, except as to dates and amounts allegedly defrauded by this defendant. The final two counts allege fraudulent use in violation of *N.J.S.A.* 2A:111 14 of the same two family-owned corporations as covered by counts 58 and 59. Since these allegations are the same as those discussed with respect to Charles H. Pritchard, Jr., no further construction is necessary.

---

[8]New Jersey Law Revision Commission, the New Jersey Penal Code, vol. 2, Commentary, note 23 at 222.

I conclude that the offenses charged are still crimes under the Code. The Legislature could not have intended by repealing the two statutes to eliminate its proscription against conduct charged in the indictment. *N.J.S.A.* 2C:1 c(3). The motion is denied.[9]

---

[9]Following a four-week trial, the defendants were found not guilty on all counts.