295 N.J. Super. 26 (1996)
684 A.2d 517
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD B. MANTHEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 1996.
Decided November 18, 1996.
*27 Before Judges DREIER, D'ANNUNZIO and WEFING.
Michael J. Pappa argued the cause for appellant (Rudnick, Addonizio & Pappa, attorneys; Mr. Pappa, on the brief).
Arthur S. Safir, Deputy Attorney General, argued the cause for respondent (Peter Verniero, Attorney General, attorney; Mr. Safir, of counsel and on the brief).
The opinion of the court was delivered by WEFING, J.A.D.
Defendant was indicted for two counts of theft by failure to make the required disposition of property, one in the second degree and one in the third degree (N.J.S.A. 2C:20-9); two counts of misapplication of entrusted property, one in the second degree and one in the third degree (N.J.S.A. 2C:21-15); two counts of failure to file reports, a crime of the third degree (N.J.S.A. 54:52-8); *28 and two counts of failure to pay or turn over taxes, a crime of the third degree (N.J.S.A. 54:52-9).
Tried to a jury, he was convicted on both counts of misapplication of entrusted property, one count of failure to pay or turn over taxes and acquitted of the remaining charges. He was sentenced to seven years in prison for the conviction for second degree misapplication of entrusted property and concurrent four-year terms for the remaining two convictions. Restitution and penalties were ordered as well. Defendant's sentence was stayed by order of this court pending appeal.
Defendant was a principal in several business entities, including Bernardsville Depot, Inc., Bernardsville Group and A M Home News. The charges in this matter relate to the operation of the Bernardsville Depot, Inc. and, specifically, its failure to remit sales and withholding taxes to New Jersey and to file the appropriate accompanying tax returns.
In the early 1980's, defendant, Richard Manthey, and his wife, Annette, purchased A M Home News, a newspaper distribution business. Included within that business was a small newsstand at the Bernardsville train station that was operated primarily for the convenience of commuters. Several years later, New Jersey Transit began a program seeking fuller utilization of their stations. This led to the Bernardsville Depot, Inc. which, following a significant renovation of the building, operated a convenience store and deli in the station.
Neither Manthey nor his wife had experience in this field and they hired Jeffrey Heise as its general manager. The business was incorporated and the original shareholders were defendant and his wife and her parents, who invested a significant sum in the business.
In approximately 1984, Manthey formed a partnership, Bernardsville Group, with Andrew Erchak. The business of the Group was real estate development. Certain funds of the Bernardsville Group were used in connection with the renovation of *29 the station by Bernardsville Depot, Inc. and Erchak ultimately became a shareholder in the Depot as well.
From the time the Depot first commenced operations until its closure in 1991, it routinely collected appropriate sales tax on the items it sold. For that time frame, however, only one check to remit those sales taxes was ever sent to the State. That occurred in September 1989, the one month when Annette Manthey was managing the business's financial affairs. She forwarded a check for $2,301.89 in payment of sales tax collected in August 1989.
It is inferable that receipt of this check triggered an investigation by the State and defendant's subsequent indictment. The amount alleged to be due for sales taxes was in excess of $80,000. The State also alleged Manthey had improperly retained approximately $3,000 in payroll withholding taxes deducted from employees' wages.
Both Manthey and the corporation Bernardsville Depot, Inc. were indicted together. The corporation, however, was severed as a defendant prior to Manthey's trial. The record does not disclose the subsequent disposition of the charges against the corporate defendant.
On appeal, Manthey raises the following issues:
POINT I
FAILURE OF THE TRIAL COURT TO INSTRUCT THE JURY AS TO AN ESSENTIAL ELEMENT OF THE CRIME OF MISAPPLICATION OF ENTRUSTED PROPERTY CONSTITUTED REVERSIBLE ERROR.
POINT II
THE VERDICTS OF GUILTY WERE AGAINST THE WEIGHT OF THE EVIDENCE.
POINT III
THE TRIAL COURT ERRED IN NOT FINDING THE PRESUMPTION OF INCARCERATION WAS OVERCOME FOR THE SENTENCE ON MISAPPLICATION OF ENTRUSTED PROPERTY AS A SECOND DEGREE OFFENSE (COUNT TWO).
POINT IV
THE TRIAL COURT ERRED BY NOT IMPOSING THE PRESUMPTIVE SENTENCE OF NON-INCARCERATION FOR MISAPPLICATION OF ENTRUSTED PROPERTY AS A THIRD DEGREE OFFENSE (COUNT FOUR) *30 AND FAILURE TO PAY TAXES, A THIRD DEGREE OFFENSE (COUNT SEVEN).
POINT V
THE TRIAL COURT SHOULD HAVE MERGED THE CONVICTION FOR FAILURE TO PAY TAXES (COUNT SEVEN) INTO THE CONVICTION FOR MISAPPLICATION OF ENTRUSTED PROPERTY (COUNT TWO).
After carefully reviewing the entire record in this matter, we are satisfied that defendant's convictions and sentence should be affirmed but that his conviction under count seven for failure to pay taxes should have merged into his conviction under count two for misapplication of entrusted property.
N.J.S.A. 2C:21-15, under which defendant was convicted, provides in part:
A person commits a crime if he applies or disposes of property that has been entrusted to him as a fiduciary, or property belonging to or required to be withheld for the benefit of the government ... in a manner which he knows is unlawful and involves substantial risk of loss or detriment to the owner of the property or to a person for whose benefit the property was entrusted whether or not the actor has derived a pecuniary benefit....
For the purposes of this section, the term "benefit derived" shall include but shall not be limited to the amount of any tax avoided, evaded or otherwise unpaid or improperly retained or disposed of.
In connection with this offense, the trial court instructed the jury that the State had to prove the following elements beyond a reasonable doubt:
First that the property was entrusted to the defendant as a fiduciary or was property of the government ...; second, that the defendant applied or disposed of the property; third, defendant applied or disposed of the property in an unlawful manner, that is, in a manner contrary to the regulations and laws defining defendant's responsibility as a fiduciary, and; (sic) four, that the defendant knew that his conduct was unlawful, that is, contrary to regulations and laws defining the defendant's responsibility as a fiduciary.
Defendant contends that the trial court erred when it refused to instruct the jury that to secure a conviction under this statute, the State was required to prove that defendant acted with fraudulent intent. We disagree.
In support of his argument, defendant relies upon State v. Pritchard, 172 N.J. Super. 578, 412 A.2d 1335 (Law Div. 1979). That case involved a prosecution under a predecessor statute, *31 N.J.S.A. 2A:102-3, which provided "[a]ny director, member or officer of any corporation or association who fraudulently takes, misapplies or misuses any money or property of the corporation or association, is guilty of a misdemeanor." (Emphasis added.) N.J.S.A. 2C:21-15, however, omits the term "fraudulently." Further, our Supreme Court in discussing N.J.S.A. 2C:21-15 noted that its "essential elements" were that "the defendant knowingly misused entrusted property." Matter of Iulo, 115 N.J. 498, 502, 559 A.2d 1349 (1989). Significantly, the Court omitted any reference to fraudulent intent.
We are satisfied that the trial court's instructions to the jury on this issue were correct. To the extent that State v. Pritchard, supra, can be read to the contrary, it is disapproved.
We see no merit to defendant's challenge to the weight and sufficiency of the evidence presented. R. 2:11-3(e)(2). The jury was called upon to deliberate and weigh the evidence presented during the course of this seven-day-trial. It clearly accepted the State's theory that defendant was the chief financial officer of the Depot and fully aware of the failure to remit the taxes that were due.
Defendant's next two arguments revolve around the sentence imposed. We have carefully reviewed the transcript of the sentencing proceedings. The trial court scrupulously and carefully analyzed the aggravating and mitigating factors which bore on this case, N.J.S.A. 2C:44-1, and sentenced defendant to the presumptive term of seven years for his second degree conviction under N.J.S.A. 2C:21-15. We cannot consider that determination an abuse of the trial court's sentencing power or shocking to the judicial conscience. State v. Roth, 95 N.J. 334, 364-365, 471 A.2d 370 (1984). In light of the seven-year-sentence imposed for defendant's conviction under N.J.S.A. 2C:21-15, we see no merit to defendant's contention that he was entitled to a presumption of non-incarceration for the third degree crimes of which he was convicted. R. 2:11-3(e)(2).
*32 Defendant's final point is that his conviction for failure to pay taxes under count seven should have merged into that for misapplication of entrusted property under count two. Any analysis of merger requires a consideration of the principles enunciated in N.J.S.A. 2C:1-8a, as well as State v. Davis, 68 N.J. 69, 342 A.2d 841 (1975).
We recognize that the conduct charged in these two counts was essentially the same, the failure to remit to the State the more than $80,000 in sales taxes that the Depot collected during its years of operation. As such, the offenses could be seen to fit within N.J.S.A. 2C:1-8a(4) which calls for merger if "the offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." The subsection specifically continues, however, that "no State tax offense in Title 54 of the Revised Statutes or Title 54A of the New Jersey Statutes, as amended and supplemented, shall be construed to preclude a prosecution for any offense defined in this code." That language could be interpreted as a legislative declaration in favor of non-merger.
Our Supreme Court has considered the questions of merger under the principles enunciated in State v. Davis, supra. There, the Court said:
As a practical matter ... it may be helpful to employ a certain flexibility of approach to the inquiry of whether separate offenses have been established under the proofs, attended by considerations of "fairness and fulfillment of reasonable expectations in the light of constitutional and common law goals." State v. Currie, 41 N.J. 531, 539 [197 A.2d 678] (1964). Such an approach would entail analysis of the evidence in terms of, among other things, the time and place of each purported violation; whether the proof submitted as to one count of the indictment would be a necessary ingredient to a conviction under another count; whether one act was an integral part of a larger scheme or episode; the intent of the accused; and the consequences of the criminal standards transgressed.
[State v. Davis, supra, 68 N.J. at 81, 342 A.2d 841.] See, also, State v. Truglia, 97 N.J. 513, 518-522, 480 A.2d 912 (1984).
While we recognize that N.J.S.A. 54:52-9 requires proof of an "intent to evade, avoid or otherwise not make timely payment ... or deposit of any tax, fee, penalty or interest or any part thereof," an element which is missing in N.J.S.A. 2C:21-15, we are persuaded *33 that essentially the same evidence was presented in support of each charge. Nor do we see that, under the facts of this case, there are such separate interests as would require separate convictions. The State chose to prosecute defendant for one course of conduct which extended over a period of time. This jury was not asked to deliberate and decide upon episodic instances. We are persuaded that just as there was one course of conduct, there should be one conviction.
Defendant's conviction and sentence are affirmed. We remand the matter for entry of a corrected judgment to reflect merger of the conviction under count seven into the conviction under count two.