IN THE MATTER OF PAUL T. SMOCK, AN ATTORNEY
AT LAW.

Argued November 18, 1980—Decided June 19, 1981.

*Colette A. Coolbaugh,* Secretary, argued the cause for complainant Disciplinary Review Board.

*S. M. Chris Franzblau* argued the cause for respondent (*Franzblau & Falkin,* attorneys).

PER CURIAM.

In this matter respondent misappropriated $4,500 of his client's funds. He asserted (and, in varying degrees, proved) the complete array of mitigating circumstances which has traditionally warranted discipline less than disbarment, but which had been substantially rejected in *In re Wilson,* 81 *N.J.* 451 (1979). Respondent's conduct, however, predated *Wilson.* In view of the radical change effected by *Wilson,* with its strict result of disbarment in misappropriation cases as compared to this Court's treatment of such matters prior thereto, we believe it would be manifestly unfair to apply *Wilson* retroactively. A significant, although not paramount, element of the *Wilson* doctrine was its deterrent effect on the bar. Obviously, retroac-

tive application does not in any way serve that deterrent purpose. We note, however, for the guidance of the bar and the public, that if respondent's conduct had occurred after our decision in *Wilson* he presumably would be disbarred.

 Reviewing this matter in accordance with the standards which applied prior to *Wilson*, it is apparent that many of the factors which previously called for discipline less than disbarment are present. Respondent took the funds not only while in need, but when he fully intended, and reasonably expected, to repay them shortly thereafter, which he did. Furthermore, the circumstances which led to the misappropriation include financial reverses totally unexpected (and not at all attributable to respondent, including the fact that a very substantial fee, already earned, was not paid because of the revolution in Iran), inability to meet pressing needs of his family (including an impending mortgage foreclosure), a prior history of apparent selfless support of a now-deceased family member, service to the public in the form of reduced or forgiven fees to near-indigent clients and charitable groups, along with impressive positions of public service. Respondent was totally candid and cooperative during all of the ethics proceedings.

For all of these reasons, we believe that a substantial suspension, rather than disbarment, would have been the remedy before *Wilson*.

Respondent is hereby suspended from the practice of law for a period of two years, retroactive to the date of the original suspension.

*For suspension*—Chief Justice WILENTZ, and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—6.

*Opposed*—None.

## ORDER

It is ORDERED that PAUL T. SMOCK of Blairstown be suspended from the practice of law for two years and until the further order of this Court, effective October 2, 1979; and it is further

ORDERED that respondent reimburse the Administrative Office of the Courts for the costs of the transcripts in this matter; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of his suspension and that he continue to comply with all regulations of the Disciplinary Review Board governing suspended, disbarred and resigned attorneys.