IN THE MATTER OF IVINS N. LAVINE, AN
ATTORNEY-AT-LAW.

June 19, 1981.

*Edwin W. Schmierer* argued the cause for the District VII Ethics Committee.

*Donald S. Driggers* argued the cause for respondent.

## ORDER

The Disciplinary Review Board having filed a report charging IVINS N. LAVINE of Trenton with misusing trust funds and failing to maintain proper books and records and the Court having reviewed the entire record and having heard the argument of counsel, and, the misconduct having occurred prior to this Court's decision in *In re Wilson*, 81 *N.J.* 451 (1979) (see *In re Smock*, 86 *N.J.* 426, and good cause appearing;

It is ORDERED that the findings of the Disciplinary Review Board are hereby adopted and respondent is suspended for a period of three years and until the further order of this court, effective July 3, 1981; and it is further

ORDERED that IVINS N. LAVINE be and hereby is restrained and enjoined from practicing law during the period of his suspension; and it is further

ORDERED that IVINS N. LAVINE reimburse the Administrative Office of the Courts for administrative costs arising out of these disciplinary proceedings, including the cost of transcripts; and it is further

ORDERED that respondent comply with the Regulation of the Disciplinary Review Board governing suspended, disbarred or resigned attorneys.

Decision and Recommendation of the Disciplinary
Review Board

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon a presentment filed by the District VII Ethics Committee for Hunterdon, Mercer and Somerset Counties. The presentment concerns the misuse of trust funds by the respondent, his failure to maintain adequate books and records and other related improper conduct. Upon a review of the full record, and following oral argument, the Board is satisfied that the conclusions of the Committee as set forth below are fully supported by clear and convincing evidence.

Respondent represented Robert F. Buvel in a matrimonial matter and in an action arising from an automobile accident which occurred in February of 1976. The insurance claim was settled for $12,000 in April of 1978, prior to trial. An insurance company draft was issued for that amount, endorsed by respondent and his client on April 3, 1978, and deposited in respondent's trust account at the Yardville National Bank on that day. The draft was cleared and considered to be collected funds in respondent's bank account as of April 6, 1978.

Respondent's agreed-upon, contingent fee was $2,500.00. Despite repeated requests, Mr. Buvel did not receive the balance of the settlement proceeds of $9,500 until May 16, 1978. The matrimonial matter was concluded several days later.

At some point following disbursement of the settlement funds, Mr. Buvel advised respondent that he was considering filing an ethics complaint. On May 26, 1978, respondent gave Mr. Buvel a note in the amount of $2,500, representing attorney's fees paid by Buvel to respondent. On that same date, Mr. Buvel executed a Release which indicates that in consideration of the sum of $2,500 payable by respondent on February 1, 1979, respondent was released from any claim arising from attorney-client relationships. In February 1979, respondent failed to pay the $2,500 to his client and Mr. Buvel then filed this ethics complaint.

The record of the hearing below reveals that between April 10, 1978, and May 8, 1978, and from May 9 through May 17, 1978, respondent did not have sufficient funds in his account to make the required payment to Mr. Buvel. (The bulk of a $17,000 deposit on May 8, 1978, was disbursed on May 9, 1978.) Indeed, the May 16, 1978, check to Mr. Buvel would not have cleared the bank without the deposit by respondent of $6,000 in personal funds on May 17, 1978. The record further indicates that respondent made use of more than $4,000 of the $12,000 Buvel settlement for personal purposes, and that a total of about $3,000 was paid from that settlement to three other

clients whose funds respondent was to have held in trust. These clients' funds were previously converted by respondent for his personal use, and proper distribution therefore could not be made to them without utilizing a portion of the Buvel settlement. In addition, a review of respondent's records indicates that certain checks issued to clients during March 1978 were also drawn against funds held by respondent in trust for other clients. Furthermore, it was established at the Ethics Committee hearing that it was not unusual for respondent to commingle funds and utilize that trust account for payment of business and personal expenses.

Following the Ethics Committee hearing, it was determined that defendant's use of clients' funds as outlined above was improper, and violated numerous disciplinary rules. In particular, the Committee noted the respondent's failure to maintain proper records of clients' funds in his possession, his failure to pay the monies due in a prompt manner and his failure to comply with the recordkeeping requirements of *R.* 1:21-6. The Committee observed that all clients have now received the funds to which they were entitled. In addition, although the Committee sympathized with respondent's desire to avoid any situation which would adversely affect the health of his wife, which desire apparently motivated him to sign a note for the return of attorney's fees paid in return for Buvel's agreement not to pursue an ethics complaint, the Committee found that this conduct in particular, as well as his misuse of trust funds, reflects adversely upon respondent's fitness to practice law.

## CONCLUSION AND RECOMMENDATION

The respondent admits to certain improprieties in the use of his trust account. At oral argument before the Board, the respondent, by his attorney, characterized his conduct as commingling rather than misappropriation. However, the Board does not consider this to be simply a matter of commingling of funds. Respondent's utilization of clients' trust funds for per-

sonal purposes and for reimbursement of other clients clearly constitutes misuse and misappropriation of trust funds.

The Board recognizes respondent's lengthy legal career in private law practice which until now has been untarnished by any disciplinary violation. Further, the Board notes that respondent made full restitution to his clients. Nevertheless, the Board is constrained in light of *In re Wilson*, 81 *N.J.* 451 (1979), to recommend disbarment. The public must be protected from further serious transgressions on the part of respondent. The Board further recommends that respondent be required to reimburse the Administrative Office of the Courts for administrative costs arising out of these disciplinary proceedings, including the cost of transcripts.

DISCIPLINARY REVIEW BOARD

DATED:   March 9, 1981

By:   Stephen B. Wiley

Stephen B. Wiley
Vice-Chairman