IN THE MATTER OF MICHAEL GOLD, AN
ATTORNEY AT LAW.

Argued October 23, 1984—Decided December 3, 1984.

54

*Robyn M. Hill* argued the cause on behalf of the Office of Attorney Ethics.

No appearance was made on behalf of the respondent.

PER·CURIAM.

This disciplinary proceeding arises out of a motion by the Office of Attorney Ethics for final disciplinary action. The motion is based on respondent's guilty pleas to two separate counts of misapplication of entrusted property under *N.J.S.A.* 2C:21–15.

I

The Decision and Recommendation of the Disciplinary Review Board (DRB) accurately sets forth the following relevant facts:

On July 14, 1981, a Hunterdon County Grand Jury handed up Indictment # 299M80 against Respondent. In Count One, Respondent was charged with theft by failure to make required disposition of property received, contrary to *N.J.S.A.* 2C:20–9 and *N.J.S.A.* 2C:20–2b(2)(a) and (e).

It was alleged here that Respondent on July 15 and on July 30, 1980 in Flemington, Hunterdon County, obtained or retained $51,300 which belonged to Hunterdon County and that he failed to disburse this money for the condemnation of a tract of land known as the Watchtower property.

In Count Two of this Indictment, Respondent was charged with misapplication of entrusted property, contrary to *N.J.S.A.* 2C:21–15. It was alleged that he unlawfully applied or disposed of $51,300 belonging to Hunterdon County which had been entrusted to him as a fiduciary.

On February 10, 1982, a Hunterdon County Grand Jury returned Indictment # 30J81, which charged Respondent and Stephen Gold with embezzlement (Count One, *N.J.S.A.* 2A:102–2) and with misapplication of entrusted property (Count Two, *N.J.S.A.* 2C:21–15).

Count One charged that on January 30, 1978 and August 31, 1979 in Flemington Borough and Raritan Township, Hunterdon County, and elsewhere in the state, the two defendants, both attorneys and acting on behalf of the Hunterdon County Board of Recreation Commissioners, embezzled money belonging to

Hunterdon County for the purchase of property known as the Alpaugh Tract. Count Two charged that the two attorneys between September 1, 1979 and December 10, 1980 in the same municipalities did unlawfully apply or dispose of over $1,000 in money belonging to Hunterdon County for the purchase of property known as the Alpaugh Tract.

Respondent pleaded guilty on June 21, 1982 to Count Two of both indictments before the Hon. Samuel D. Lenox, A.J.S.C. At this hearing, Respondent stated that he had been aware of a shortage of an undetermined amount in his trust account. While he was not able to determine the reason or the exact amount of this shortage, he continued to make disbursements from this trust account knowing there were insufficient funds in that account. He knew when the county funds were deposited in that account that these funds would be used to cover a shortage somewhere else in the trust account.

On June 24, 1982, Respondent was sentenced on the two counts. He received concurrent sentences of a fine of $7,500 and was placed on probation for two years. He was also assessed a total of $50 for the Violent Crimes Compensation Board. When sentenced on June 24, 1984, he had made restitution in full of the principal involved. His probation was transferred to California where he presently resides.

Based on its review of the record, the DRB recommended for the following reasons that respondent should be disbarred:

By his conduct, it is clear that Respondent has violated *DR* 9–102, which requires preservation of the identity of trust accounts. Not only had Respondent misapplied public funds entrusted to him by the Hunterdon County Board of Recreation Commissioners, but by his own admissions his misconduct extended to funds of other clients and extended over a period of time of more than two and a half years.

Respondent's pleas of guilty established that he had engaged in illegal conduct that adversely reflected on his fitness to practice law because of dishonesty, fraud, deceit, or misrepresentation. *DR* 1–102(A)(3) and (4).

A judgment of conviction is conclusive evidence of Respondent's guilt. This obviates the need for any independent examination of the underlying facts to ascertain guilt. *In re Bricker* 90 *N.J.* 6, 10 (1982), citing *In re Rosen* 88 *N.J.* 1 (1981).

Lawyers are more than fiduciaries; they are representatives of a profession and officers of the Supreme Court. *In re Wilson*, 81 *N.J.* 451, 458 (1979). The maintenance of public confidence in the Supreme Court and in the Bar as a whole requires the strictest discipline in misappropriation cases. This confidence is so important that mitigating factors rarely will override the requirement of disbarment. *Id.* at 461.

The time period involved requires that *In re Wilson, supra,* should apply to this case. While *In re Smock*, 86 *N.J.* 426, 427 (1981) provides that *Wilson* should not be applied retroactively, this Respondent's misconduct extended from 1979 into 1980. Thus, he should have been aware [of] *Wilson, supra.*

Respondent not only breached his fiduciary responsibility to his clients, but violated his position of public trust. His actions cannot be tolerated by a member of the Bar. Accordingly, the Board recommends that Respondent be disbarred.

## II

This Court had temporarily suspended respondent pending the outcome of the disciplinary proceedings. In receipt of the DRB report, we issued an order to show cause why respondent should not be disbarred or otherwise disciplined. We were advised by the respondent, who now resides in California, that he would not appear or be represented at the hearing. However, respondent did submit a statement to the Court, which we considered in reaching our decision.

In his statement, the respondent explains his conduct as follows:

In 1976 I discovered that there was a shortage in the trust account. I was not able to immediately restore the missing funds and couldn't think of anything else to do but to secretly and gradually replace the money.

This statement is consistent with respondent's testimony before the trial court when he pled guilty and was sentenced. On both of these occasions, he was represented by an attorney.

The respondent recognizes that his "conduct was unethical and illegal." As he states:

My violation is clear. I write in the hope that there is the faint possibility that rather than total and final disbarment the Court may decide to impose a fixed (long) period of suspension.

## III

Our independent review of the record leads us to the same conclusion as that reached by the DRB, namely, that respondent must be disbarred. Respondent entered guilty pleas to two separate charges of misapplication of entrusted property. These charges stemmed directly from his misconduct as an attorney-at-law of this state, occurring over a period of more

than two and one-half years. Moreover, respondent admits that his misappropriation of trust funds extended not only to public funds entrusted to him by the Hunterdon County Board of Recreation but to funds of other clients. Accordingly, we hold that respondent clearly and consistently violated the mandate of *DR* 9–102, which requires preservation of the identity of trust funds. Additionally, respondent's criminal conviction demonstrates that he has "engaged in illegal conduct that adversely reflects on his fitness to practice law" that involves "dishonesty, fraud, deceit or misrepresentation." *DR* 1–102(A)(3) and (4).

Respondent is ordered to reimburse the Administrative Office of the Courts for administrative costs, including the preparation of transcripts.

*For disbarment*—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, POLLOCK, O'HERN and GARI-BALDI—6.

## ORDER

It is ORDERED that MICHAEL GOLD of FLEMINGTON be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that MICHAEL GOLD be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with suspended, disbarred or resigned attorneys, and it is further

ORDERED that respondent reimburse the Ethics Financial Committee for administrative costs, including the preparation of transcripts.