IN THE MATTER OF HOWARD M. STROGER, AN ATTORNEY AT LAW.

October 7, 1985.

ORDER

The Disciplinary Review Board having filed a report with this Court recommending that HOWARD M. STROGER of MORRISTOWN, who was admitted to the bar of this State in 1969, be disbarred, and good cause appearing;

It is ORDERED that the Report and Recommendation of the Disciplinary Review Board is hereby adopted; and it is further

ORDERED that HOWARD M. STROGER be disbarred from the practice of law and that his name be stricken from the roll

of attorneys of this State, effective immediately; and it is further

ORDERED HOWARD M. STROGER be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that HOWARD M. STROGER reimburse the Ethics Financial Committee for appropriate administrative costs.

## APPENDIX

### *Decision and Recommendation of the Disciplinary Review Board*

This matter is before the Board on a Motion for Final Discipline filed by the Office of Attorney Ethics. This is based on Respondent's guilty plea to a charge of embezzlement, contrary to *N.J.S.A.* 2A:102–2 and 2A:102–5.

On March 10, 1981, a Morris County grand jury handed up indictment 365–80–J against Respondent. He was charged with embezzling funds belonging to the estate of Robert Paczkowski which had been bequeathed to the American Red Cross. He was charged with defrauding the estate between February 1 and August 31, 1979 (Count 1, contrary to *N.J.S.A.* 2A:102–2 and 2A:102–5). He was further charged with failing to make required disposition of property received, the same estate funds, between January 1, 1979, and May 2, 1980 (Count 2, contrary to *N.J.S.A.* 2C:20–9).

Respondent had been retained by Genevieve Radziewicz to represent her as executrix of the estate of Robert Paczkowski, who died in January 1978. The will provided Mrs. Radziewicz with a specific bequest of $15,000 and left the balance to the American Red Cross. The estate had a value of $129,000 and after allowances for various deductions and the specific bequest, the residue approximated $84,600. The money

never reached the Red Cross, however, because Defendant [Respondent] expended it for his personal use, embezzling the funds from his trust account [*State v. Stroger*, 97 *N.J.* 391, 397 (1984)].

Before Mrs. Radziewicz filed an ethics complaint in 1980, the then Division of Ethics and Professional Services (DEPS), in response to unrelated complaints, audited Respondent's records. *Id.* at 397–398. Based on information obtained in this audit, the Supreme Court temporarily suspended Respondent from the practice of law on May 1, 1980.

On November 18, 1981, Respondent pleaded guilty to Count One of the indictment. He was sentenced on February 5, 1982 to 180 days in the Morris County jail. As a result of his appeal, the Supreme Court held that this Board, upon proper notice to the attorney involved, did not violate the mandates of confidentiality nor the attorney's constitutional rights by releasing the attorney's required records to law enforcement authorities. *State v. Stroger, supra.*

The Office of Attorney Ethics now requests this Board to recommend to the Supreme Court that Respondent be disbarred.

## CONCLUSION AND RECOMMENDATION

A judgment of conviction is conclusive evidence of Respondent's guilt. *R.* 1:20–6(b)(1). This obviates the need for any independent examination of the underlying facts to ascertain guilt. *In re Bricker*, 90 *N.J.* 6, 10 (1982). The sole issue to be determined is the extent of final discipline to be imposed. *R.* 1:20–6(b)(2)(ii). His conviction establishes that he had engaged in illegal conduct that adversely reflected on his fitness to practice law. *DR* 1–102(A)(6).

The embezzlement or misappropriation of trust funds is "of so reprehensible a nature as to permit of only one form of discipline." *In re Ryan*, 60 *N.J.* 378, 379 (1972). Disbarment is clearly mandated. *In re Wilson*, 81 *N.J.* 451 (1979). *Wilson*, however, need not be applied retroactively in misappropriation

cases. See *In re Smock*, 86 *N.J.* 426, 427 (1981). Mitigating factors may be considered. *Matter of Infinito*, 94 *N.J.* 50, 57 (1983).

Respondent offers in mitigation that the misappropriation involved only one client and one trust account over a limited period of time; it constituted an isolated incident in an eleven year legal career with no prior history of disciplinary action; that Respondent fully cooperated with the ethics investigation, and voluntarily consented to repay the money misappropriated.

The Board, however, finds that these mitigating factors do not outweigh the unrefuted fact that this Respondent knowingly had stolen his client's money. As stated in *Wilson, supra*,

There is nothing clearer to the public, however, than stealing a client's money, and nothing worse. Nor is there anything that affects public confidence more—much more than the offense itself—then this Court's treatment of such offenses. Arguments for lenient discipline overlook this effect as well as the overriding importance of maintaining that confidence [*Id.* 81 *N.J.* at 457].

Therefore, the Board recommends that Respondent be disbarred.

The Board further recommends that Respondent be required to reimburse the Ethics Financial Committee for appropriate administrative costs.