IN THE MATTER OF LEROY C. GIPSON, JR., AN
ATTORNEY AT LAW.

Argued March 4, 1986—Decided June 17, 1986.

*Richard J. Engelhardt,* Assistant Ethics Counsel, argued the cause on behalf of Office of Attorney Ethics.

*Robert T. Pickett* argued the cause for respondent.

PER CURIAM.

Respondent entered a plea of guilty to three charges of theft by failure to make required disposition of property received in violation of *N.J.S.A.* 2C:20–9. The court sentenced respondent to a probationary term of five years with the condition that he be committed to the Middlesex County Adult Correction Center for one year, to be served on weekends. Respondent was directed as well to pay restitution to two of the clients and to attend rehabilitative counseling.

Subsequently, the Office of Attorney Ethics made a Motion for Final Discipline Based Upon a Criminal Conviction pursuant to Rule 1:20–6(b)(2)(i). The Disciplinary Review Board agreed that respondent had engaged in illegal conduct that adversely reflected on his fitness to practice law and recommended that respondent be disbarred.

Our independent review of the record leads to the conclusion that respondent has been guilty of unethical conduct in the matter charged and the conduct warrants disbarment.

First, we accept a criminal conviction as conclusive evidence of guilt in disciplinary proceedings. *In re Rosen*, 88 *N.J.* 1, 3 (1981). The underlying facts of the conviction are relevant to the determination of the appropriate discipline to be imposed. *Id.* at 3. In this case the underlying facts disclose misappropriation of clients' funds in three instances: (1) $55,707 in closing proceeds; (2) $26,366.67 of settlement proceeds from a negligence claim; and (3) some $9,070 in proceeds from a wrongful death action.

Before us, respondent's counsel argued for a remand to the Disciplinary Review Board to permit the introduction of additional evidence that would weigh upon the sanction to be imposed. Respondent had previously failed to appear before the Disciplinary Review Board and that body had declined to grant a last-minute motion to adjourn the scheduled hearing. In response to a request, we granted respondent leave to submit additional information to us in support of his motion to reopen the hearing before the Disciplinary Review Board.

We have carefully considered the allegations in the memorandum that respondent submitted. We are satisfied that the procedures afforded respondent accorded with principles of fundamental fairness and we should proceed to final discipline.

First, as noted, the judgment of conviction itself conclusively establishes the evidence of guilt; ordinarily we do not look beyond that judgment. *In re Rosen, supra,* 88 *N.J.* at 3.

A knowing misappropriation almost invariably warrants disbarment. *In re Wilson*, 81 *N.J.* 451, 453 (1979). "[M]aintenance of public confidence in this Court and in the bar as a whole requires the strictest discipline in misappropriation cases. That confidence is so important that mitigating factors will rarely override the requirement of disbarment." *Id.* at 461.

Nothing presented to us at oral argument or in the course of reviewing the material submitted suggests that further factual inquiry would override the requirement of disbarment in this case. Respondent has furnished us with evidence of severe psychological strain and alcohol dependency. He has offered to prove that the rigors of his practice and his commitment to a needy clientele have overwhelmed him. To the extent that such factors would bear upon respondent's ability to formulate the state of mind necessary to encompass a knowing misappropriation of funds, we believe that their consideration is foreclosed by the judgment of conviction itself. Moreover, the psychological defense offered by respondent fails to demonstrate "that respondent suffered a loss of competency, comprehension or will of a magnitude that could excuse egregious misconduct that was clearly knowing, volitional and purposeful." *In re Jacob*, 95 *N.J.* 132, 137 (1984). In *In re Cornish*, 98 *N.J.* 500 (1985), we considered in mitigation the emotional and financial pressures of private practice upon an urban attorney in an economically disadvantaged community. *Id.* at 507. The misconduct there, however, predated *Wilson*, and was therefore not subject to its rule. *See In re Smock*, 86 *N.J.* 426, 427 (1981).

The purpose of attorney discipline is to protect the public from the attorney who does not meet the standards of responsibility of every member of the profession. We are understandably moved by the outstanding record of public service displayed by respondent. We recognize this record as an extraordinary mitigating factor, but even that prior record does not outweigh in significance the loss of public confidence occa-

sioned by the misappropriation of clients' funds. Considering all of the circumstances, we are constrained to order that respondent be disbarred.

*For Disbarment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.

## ORDER

It is ORDERED that LEROY C. GIPSON, JR., of NEW BRUNSWICK, who was admitted to the bar of this State in 1969, be disbarred from the practice of law, effective immediately; and it is further

ORDERED that LEROY C. GIPSON, JR. be permanently restrained and enjoined from practicing law; and it is further

ORDERED that LEROY C. GIPSON, JR. reimburse the Ethics Financial Committee for appropriate administrative costs; and it is further

ORDERED that LEROY C. GIPSON, JR. comply with Administrative Guideline Number 23 of the Office of Attorney Ethics dealing with disbarred attorneys.