**In re Richard P. BROWN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 97–BG–327.**

District of Columbia Court of Appeals.

Submitted May 27, 2004.

Decided June 24, 2004.

---

Before WAGNER, Chief Judge, RUIZ, Associate Judge, and KING, Senior Judge.

PER CURIAM:

In this disciplinary proceeding, the Board on Professional Responsibility (Board), having found that Richard P. Brown, a member of the District of Columbia Bar, was convicted of a serious crime and that he violated Rules 8.4(b) and 8.4(c) of the Rules of Professional Conduct, recommended that he be suspended from the practice of law for one year with a fitness requirement for reinstatement. Neither Brown nor Bar Counsel filed objections or exceptions to the Board's report in this court. "[I]n such circumstances our review of the Board's recommendation is 'especially deferential.'" *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997) (citations omitted). Having reviewed the matter against that deferential standard, we adopt the Board's recommendation.

### I.

Brown was convicted of securities fraud (third degree) in the state of New Jersey. Upon notification of the conviction, this court issued an order suspending him and directed the Board to institute formal proceedings to determine whether the crime involved moral turpitude within the meaning of D.C.Code § 11–2503(a).[1] Bar Counsel filed a Specification of Charges against Brown for violations of Rules 8.4(b) ("[c]ommit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects") and 8.4(c) ("[e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation") based on "[t]he facts and circumstances surrounding [his] criminal conviction." The Board determined that the crime did not involve moral turpitude *per se* and referred the matter to a Hearing Committee for a determination of whether the offense involved moral turpitude on its facts, and if not, the appropriate discipline for a serious crime.[2] The Hearing Committee concluded, and the Board agreed, that the evidence was not clear and convincing that the crime involved moral turpitude. The Board concluded that the offense for which Brown was convicted, a felony that included an element of misrepresentation by omission, is a serious crime for purposes of D.C. Bar R. XI, § 10. The Board concluded that Brown's plea constituted clear and convincing evidence supporting the Hearing Committee's finding that Brown had violated Rule 8.4(b). The Board also concluded that a violation of Rule 8.4(c) was supported by the findings of the Securities and Exchange Commission related to the circumstances of Brown's conviction.

### II.

The Board has recommended a suspension of one year commencing from Brown's filing an affidavit under Rule XI, § 14(g), with a fitness requirement for reinstatement. In recommending an appropriate sanction, the Board considered the rele-

---

1. Brown was also indefinitely suspended by the Maryland Court of Appeals based upon his criminal conviction. Upon notification of this action, this court directed the Board to consider the imposition of reciprocal discipline in conjunction with proceedings related to Brown's criminal conviction. The Board referred this matter to the Hearing Committee for consideration with the earlier case.

2. Under D.C. Bar R. XI, § 10(b), a "serious crime" includes one involving misrepresentation as a necessary element. The offense to which Brown entered a plea of guilty involved an untrue statement of a material fact or the omission of a material fact in circumstances that made the statement misleading. *See* N.J.S.A. § 49:3–52(b).

vant factors, including the nature of the violation, any mitigating and aggravating circumstances, the need to protect the public, and a mandate for consistency of sanctions. *See In re Hutchinson,* 534 A.2d 919, 924 (D.C.1987). Finding instructive *In re Perrin,* 663 A.2d 517 (D.C.1995), the Board stated that under ordinary circumstances, it would have recommended a three year suspension. However, given the length of time that the case was pending, through no fault of Brown, and Brown's interim suspension pending final determination, the Board recommended this case as an appropriate one for the lessening of sanction. *See In re Fowler,* 642 A.2d 1327, 1331 (D.C.1994).

Having considered the Board's unchallenged report and recommendation, and the record herein; and according the deference required under the circumstances, we conclude that the recommendation of the Board should be adopted. It is therefore,

ORDERED that Richard P. Brown be, and hereby is, suspended from the practice of law for a period of one year commencing with his filing of an adequate affidavit pursuant to Rule XI, § 14(g), with a requirement that he prove fitness to practice law for reinstatement.

*So ordered.*