In re Kenneth E. WHEELER,
Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 445227).

Nos. 03–BG–736, 04–BG–470 and 04–BG–1014.

District of Columbia Court of Appeals.

Submitted March 23, 2005.

Decided April 7, 2005.

Before SCHWELB and REID, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

In its attached Report and Recommendation, in No. 04–BG–1014, the Board on Professional Responsibility has recommended that Kenneth E. Wheeler, a member of our Bar, be disbarred. On June 15, 2004, as noted in the Board's Report, Wheeler was convicted in the Superior Court of Hudson County, New Jersey, of one count of Misapplication of Entrusted Property. Bar Counsel has advised the

court that on December 17, 2004, Wheeler was sentenced for the foregoing offense, and that he has not appealed his conviction.

In its Report, the Board has concluded that the offense of which Wheeler was convicted is a crime of moral turpitude *per se.* We agree with and adopt the Board's conclusion. Having been convicted of a crime of moral turpitude, Wheeler must be disbarred. *In re Colson,* 412 A.2d 1160, 1164 (D.C.1979) (en banc). We also note that Wheeler has not excepted to the Board's recommendation. Accordingly, in No. 04–BG–1014, Kenneth E. Wheeler is hereby disbarred.[1]

In light of the order of disbarment, the following additional disciplinary matters relating to Wheeler are dismissed without prejudice:

1. No. 03–BG–736 (Bar Docket No. 217–03);[2] and

2. No. 04–BG–470 (Bar Docket No. 372–00).[3]

These two matters may be reopened in the event that Wheeler should apply for reinstatement.

*So ordered.*

ATTACHMENT

DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of:

KENNETH E. WHEELER,

D.C. Bar No. 445227

Respondent.

---

1. We direct Wheeler's attention to D.C. Bar R. XI, § 14(g), relating to the responsibilities of disbarred and suspended attorneys.

2. This is a reciprocal discipline matter which the Board has held in abeyance.

3. This is an original discipline matter in which a Hearing Committee recommended that Wheeler be suspended from practice for ninety days, but in which the Board recommended disbarment.

D.C. App. No. 04–BG–1014

Bar Docket No. 515–02

*REPORT AND RECOMMENDATION
OF THE BOARD ON PROFES-
SIONAL RESPONSIBILITY*

This matter is before the Board on Professional Responsibility (the "Board") pursuant to an order of the District of Columbia Court of Appeals (the "Court") directing the Board to institute a formal proceeding to determine the nature of the final discipline to be imposed based on Respondent's conviction of Misapplication of Entrusted Property, N.J. Stat. § 2C:21–15, and specifically to review the elements of the crime to determine whether it involves moral turpitude within the meaning of D.C.Code § 11–2503(a) (2001). We conclude that Respondent's conviction involves moral turpitude *per se*, requiring Respondent's disbarment under D.C.Code § 11–2503(a).

## BACKGROUND

Respondent was admitted to the District of Columbia Bar on February 6, 1995. On June 15, 2004, Respondent pleaded guilty to one count of Misapplication of Entrusted Property in violation of N.J. Stat. § 2C:21–15 in the Superior Court of Hudson County, New Jersey. The record does not indicate Respondent's sentence or whether he has appealed his conviction.[4]

Bar Counsel reported Respondent's conviction to the Court on August 25, 2004. On August 27, 2004, the Court suspended Respondent pursuant to D.C. Bar R. XI, § 10(c), while noting that Respondent remained suspended due to his pending reciprocal discipline matter in No. 03–BG–736 (Bar Docket No. 217–03),[5] and directed the Board to institute a formal proceeding to determine the nature of the final discipline to be imposed and specifically to review the elements of the offense of which Respondent was convicted for the purpose of determining whether the crime involves moral turpitude within the meaning of D.C.Code § 11–2503(a). Order, *In re Wheeler*, No. 04–BG–1014 (D.C. Aug. 27, 2004).

## ANALYSIS

D.C.Code § 11–2503(a) provides for the mandatory disbarment of a member of the District of Columbia Bar convicted of a crime of moral turpitude. Once the Court determines that a particular crime involves moral turpitude *per se*, disbarment must be imposed. *See In re Colson*, 412 A.2d 1160, 1164 (D.C.1979) (en banc).

The legal standard for moral turpitude was established in *Colson*. The Court held that a crime involves moral turpitude if "the act denounced by the statute offends the generally accepted moral code of mankind"; if it involves "baseness, vileness or depravity in the private and social duties which a man owes to his fellow men or to society in general, contrary to the accepted and customary rule of right and duty between man and man"; or if the act is "contrary to justice, honesty, modesty, or good morals." *Id.* at 1168.

---

4. Bar Counsel should notify the Court whether Respondent has appealed his conviction and the status of any such appeal. *See In re Hirschfeld*, 622 A.2d 688, 690 (D.C.1993) (the Court will withhold action on Board report and recommendation until pending appeal is decided); D.C. Bar R. XI, § 10(d).

5. The Court suspended Respondent pursuant to D.C. Bar R. XI, § 11(d), based on an emergency order of suspension by the State of Connecticut Superior Court, Judicial District of Stamford–Norwalk. The Court ordered the matter held in abeyance pending further order. Order, *In re Wheeler*, D.C.App. No. 03–BG–736 (D.C. July 24, 2003), (Bar Docket No. 217–03).

The Board's determination of whether a crime involves moral turpitude *per se* is based solely on an examination of the elements of the statutory offense. *See In re Shorter*, 570 A.2d 760, 765 (D.C.1990) (per curiam) (citing *Colson*, 412 A.2d at 1164–67). The Court has stated that the "threshold focus of the statute . . . is on the type of crime committed rather than on the factual context surrounding the actual commission of the offense." *Colson*, 412 A.2d at 1164. In examining the statutory elements, the Board must consider whether the least culpable offender under the statute necessarily engages in a crime of moral turpitude. *See Shorter*, 570 A.2d at 765. If the Board determines that the offense does not involve moral turpitude *per se*, a hearing is necessary to determine whether the underlying facts involve moral turpitude. *See id.* at 765.

Respondent was convicted in New Jersey state court of Misapplication of Entrusted Property in violation of N.J. Stat. § 2C:21–15. The Court has not previously addressed whether this specific crime is a crime of moral turpitude *per se* pursuant to D.C.Code § 11–2503. Therefore, the Board must review the elements of the offense to consider whether the crime is one of moral turpitude *per se*.[6] *Colson*, 412 A.2d at 1164.

The crime of Misapplication of Entrusted Property requires evidence that the defendant knowingly misused entrusted property. *State v. Manthey*, 295 N.J.Super. 26, 684 A.2d 517, 520 (App.Div.1996) (quoting *Matter of Iulo*, 115 N.J. 498, 559 A.2d 1349 (1989)). The defendant need not be proven to have acted with fraudulent intent. *Id.* The offense is similar to theft, but applies only to persons who have been entrusted with the property as a fiduciary, such as a "trustee, guardian, executor, administrator, [or] receiver . . . ." N.J. Stat. § 2C:21–15. Felony theft is a crime of moral turpitude *per se* warranting disbarment under D.C.Code § 11–2503(a). *See In re Untalan*, 619 A.2d 978, 979 (D.C.1993) (per curiam) ("[c]rimes involving theft or fraud generally have been found to be crimes of moral turpitude."); *see also In re Taylor*, 765 A.2d 546 (D.C. 2001) (per curiam) (theft and fraudulent misappropriation by a fiduciary); *In re Caplan*, 691 A.2d 1152 (D.C.1997) (per curiam) (grand theft); *In re Boyd*, 593 A.2d 183 (D.C.1991) (per curiam) (grand larceny and theft). Since the New Jersey offense of Misapplication of Entrusted Property is similar to theft, D.C.Code § 11–2503(a) mandates Respondent's disbarment.

Disbarment for a conviction of Misapplication of Entrusted Property is supported by the disciplinary authorities here and in New Jersey. The elements of the crime include, at a minimum, knowing misappropriation in violation of D.C. Rule 1.15. The presumptive sanction for intentional misappropriation in the District of Columbia is disbarment. *In re Addams*, 579 A.2d 190 (D.C.1990) (en banc). Similarly, a conviction for misapplication of entrusted property, in violation of N.J. Stat. § 2C:21–15, merits disbarment in New Jersey. *In re Gold*, 98 N.J. 53, 484 A.2d 10 (1984).

## CONCLUSION

For the foregoing reasons, the Board recommends that Respondent be disbarred pursuant to D.C.Code § 11–2503(a) because he has been convicted of a crime

---

6. Because the maximum prison sentence for a violation of N.J. Stat. § 2C:21–15 is five years, *see* N.J.S.A. § 2C:43–6(a)(3), the offense is properly considered a felony under D.C.Code § 11–2503. *See In re Brown*, Bar Docket No. 88–97, slip op. at 17–18 (BPR Dec. 10, 2003), *adopted*, 851 A.2d 1278 (D.C.2004) (per curiam).

involving moral turpitude *per se*. The Court may wish to consolidate this matter with No. 04–BG–470 (Bar Docket No. 372–00), an unrelated original discipline case in which the Board also recommended disbarment, and which is scheduled for consideration on the Court's summary calendar on December 10, 2004, and No. 03–BG–736 (Bar Docket No. 217–03), the reciprocal discipline matter held in abeyance by the Court. Respondent's disbarment should run, for purposes of reinstatement, from the date he files an affidavit pursuant to D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331 (D.C.1994).

BOARD ON PROFESSIONAL RESPONSIBILITY
By: s/ Roger A. Klein
Dated: December 8, 2004

All members of the Board concur in this Report and Recommendation except Martin R. Baach and James P. Mercurio who are recused, and Ms. Coghill–Howard, who did not participate.