SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.

## In the Matter of Joseph Peter Barrett (D-126-17) (081035)

**Argued June 11, 2019 -- Decided July 15, 2019**

**PER CURIAM**

In this ethics proceeding, the Court considers whether Joseph Peter Barrett, an attorney who received a 150-day suspension for knowing misappropriation of law firm funds in Utah -- a jurisdiction that applies a preponderance of the evidence standard and recognizes no business dispute defense -- may, based only on the Utah record, be disbarred under New Jersey's clear and convincing evidence standard.

In two separate law firm matters in Utah, respondent traded legal fees earned for his law firm for construction work performed at his home in Utah. In disciplinary proceedings in Utah, respondent, in order to explain and justify his conduct, sought to testify about a business dispute he had with his law firm. The court determined the evidence was relevant only to the motive and credibility of testifying law firm partners. At the hearing's conclusion, the Utah judge found by a preponderance of the evidence that respondent had knowingly misappropriated law firm funds and imposed a 150-day suspension from the practice of law. The Utah Supreme Court affirmed the 150-day suspension. In re Discipline of Barrett, 391 P.3d 1031, 1037-38 (Utah 2017).

Following entry of the Utah order, the New Jersey Office of Attorney Ethics (OAE) moved before the Disciplinary Review Board (DRB) for reciprocal discipline and requested respondent's disbarment. Relying on In re Siegel, 133 N.J. 162, 170 (1993), the DRB recommended disbarment. The Court dismissed without prejudice the OAE's motion for reciprocal discipline, noting that "the findings of the tribunal in Utah were based on a preponderance of the evidence standard instead of the clear and convincing standard applicable to New Jersey disciplinary proceedings." 234 N.J. 81, 82 (2018). The OAE filed a motion for reconsideration, which the Court granted. ___ N.J. ___ (2018).

**HELD:** Because the Utah court limited the presentation of evidence of a business dispute between respondent and the law firm, and because evidence that may exist in Utah cannot be compelled by respondent here, the Court cannot conclude that the OAE has proven by clear and convincing evidence that respondent knowingly misappropriated law firm funds under circumstances justifying greater discipline than that imposed in Utah.

1

1.  In reciprocal discipline cases, the Court should impose the same discipline as the foreign jurisdiction unless the matter is within one of five enumerated exceptions.  One of the exceptions is germane to this case -- that "the unethical conduct established warrants substantially different discipline."  R. 1:20-14(a)(4)(E).  To "argue that the law of this state or the facts of the case do or should warrant the imposition of greater discipline than that imposed in [the] other jurisdiction[]," the Director of the OAE must "establish[] such contentions by clear and convincing evidence."  Id. § 14(a)(4).  (pp. 5-6)

2.  When a New Jersey attorney misappropriates law firm funds, the facts and circumstances of the particular case determine the sanctions warranted, up to and including disbarment.  See Siegel, 133 N.J. at 170 ("[K]nowingly misappropriating funds -- whether from a client or from one's partners -- will generally result in disbarment." (emphasis added)); see also In re Sigman, 220 N.J. 141, 158 (2014) (explaining that Siegel's holding "is not, and has never been, absolute" and that "[t]he Court has recognized in other settings that there are cases that warrant discipline short of disbarment").  (pp. 6-7)

3.  The only evidence produced by the OAE in support of sanctions greater than a 150-day suspension is the record of proceedings before the Utah court.  Importantly, in New Jersey disciplinary proceedings, evidence of a business dispute may be a defense to the misappropriation of law firm funds.  Utah has no such business dispute defense, the Utah record lacks facts necessary to establish a business dispute defense, and evidence of the existence of a business dispute would be integral, in New Jersey, to defending against a charge of knowing misappropriation of law firm funds.  In Utah, respondent's incentive to produce evidence of a business dispute was far different than what his motivation to produce such evidence in New Jersey would have been.  (pp. 7-8)

4.  Respondent claims that if permitted and motivated to do so, he could have produced additional evidence of a business dispute in Utah.  Any such evidence that may have been available during the Utah proceedings remains in Utah, outside of respondent's and the OAE's reach.  It would therefore be fundamentally unfair and contrary to established rules to disbar respondent in New Jersey -- a greater discipline than that imposed in Utah -- based only upon the record of proceedings in Utah.  (pp. 8-10)

**The Court imposes a 150-day retroactive suspension of respondent's license to practice law in New Jersey.**

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.**

SUPREME COURT OF NEW JERSEY
D-126 September Term 2017
081035

In the Matter of,

Joseph Peter Barrett,

an Attorney at Law.

On an Order to show cause why respondent should
not be disbarred or otherwise disciplined.

| Argued | Decided |
|--------|---------|
| June 11, 2019 | July 15, 2019 |

Charles Centinaro, Director, argued the cause on behalf
of the Office of Attorney Ethics.

John McGill, III, argued the cause for respondent
(McGill Law Practice, attorneys).

PER CURIAM

In this ethics proceeding, we are called upon to consider whether an attorney who received a 150-day suspension for knowing misappropriation of law firm funds in Utah -- a jurisdiction that applies a preponderance of the evidence standard and recognizes no business dispute defense -- may, based only on the Utah record, be disbarred under New Jersey's clear and convincing evidence standard.

1

We conclude that in this case, Rule 1:20-14(a), which governs reciprocal discipline, does not permit "substantially different discipline" from that imposed in Utah. R. 1:20-14(a)(4)(E). While a lawyer's misappropriation of law firm funds may warrant disbarment in some cases, In re Sigman, 220 N.J. 141, 153 (2014), we determine that the New Jersey Office of Attorney Ethics (OAE) did not demonstrate that the record of proceedings in Utah establishes by clear and convincing evidence that the circumstances here warrant respondent Joseph Peter Barrett's disbarment. Therefore, like the Utah Supreme Court, we impose a 150-day suspension of respondent's license to practice law in New Jersey, which we apply retroactively.

## I.

We briefly summarize the facts and procedural history outlined in the Disciplinary Review Board's (DRB) decision, which relied upon the disciplinary record developed in Utah. See R. 1:20-14(a)(5).

In two separate law firm matters handled by respondent while engaged in the practice of law in Utah, respondent traded legal fees earned for his law firm in exchange for construction work performed at his home in Utah; he did so without the knowledge or consent of his law firm and in violation of his law firm's employment contract. Respondent's actions deprived his law firm of more than $20,000 in legal fees.

2

In disciplinary proceedings before Utah's District Court of the Third Judicial District, respondent, in order to explain and justify his conduct, sought to testify about a business dispute he had with his law firm. The court questioned the relevancy of the evidence and determined that it was relevant only to the motive and credibility of testifying law firm partners. As such, respondent testified briefly regarding the business dispute.

At the hearing's conclusion, the Utah judge found by a preponderance of the evidence that respondent had knowingly misappropriated law firm funds and imposed a 150-day suspension from the practice of law. The Utah Office of Professional Conduct appealed respondent's 150-day suspension to the Utah Supreme Court, and requested that respondent be disbarred -- the presumed penalty for knowing misappropriation of client funds,[1] but not for the knowing misappropriation of law firm funds. The Utah Supreme Court clarified that "not all misappropriation is created equal," and declined the request "to hold that disbarment is the appropriate sanction whenever an attorney misappropriates firm funds." In re Discipline of Barrett, 391 P.3d 1031, 1037-

---

[1]  See In re Discipline of Babilis, 951 P.2d 207, 217 (Utah 1997).

38 (Utah 2017). Relying upon Utah's disciplinary rules,[2] the Utah Supreme Court affirmed the 150-day suspension. Id. at 1038.

Following entry of the Utah Supreme Court's order, the OAE moved before the DRB for reciprocal discipline pursuant to Rule 1:20-14(a) and requested respondent's disbarment. In response, respondent contended that the Utah court deprived him of the opportunity to fully develop facts supporting his claimed business dispute with the law firm. Respondent therefore argued that because the OAE's burden of proof in New Jersey disciplinary proceedings -- clear and convincing evidence -- is greater than Utah's preponderance standard, Rule 1:20-14(a) precludes his disbarment in New Jersey. The DRB acknowledged that Utah has eschewed adopting a bright-line rule mandating disbarment for the knowing misappropriation of law firm funds but, relying on In re Siegel, 133 N.J. 162, 170 (1993), recommended respondent's disbarment.

This Court dismissed without prejudice the OAE's motion for reciprocal discipline, noting that "the findings of the tribunal in Utah were based on a preponderance of the evidence standard instead of the clear and convincing standard applicable to New Jersey disciplinary proceedings." 234 N.J. 81, 82

---

[2] Utah RPC 8.4(c), like New Jersey RPC 8.4(c), states that a lawyer engages in professional misconduct when he or she "engage[s] in conduct involving dishonesty, fraud, deceit or misrepresentation."

(2018). The OAE filed a motion for reconsideration, contending that divergent standards of proof do not operate as a bar to reciprocal discipline in this case. We granted the OAE's motion for reconsideration. ___ N.J. ___ (2018).

## II.

In attorney disciplinary proceedings, we are obliged "to conduct an independent review of the record, R. 1:20-16(c), and determine whether the ethical violations found by the DRB have been established by clear and convincing evidence." In re Pena, 164 N.J. 222, 224 (2000). Here, we undertake this task in the context of reciprocal discipline -- "the process by which New Jersey applies its ethics rules to an attorney admitted in New Jersey, following the imposition of discipline in an ethics proceeding conducted by a sister jurisdiction." Sigman, 220 N.J. at 153. As such, our review involves "a limited inquiry, substantially derived from and reliant on the foreign jurisdiction's disciplinary proceedings." Ibid.

Consistent with that standard, our rules instruct that we should impose the same discipline as the foreign jurisdiction unless the matter is within one of five enumerated exceptions. One of the exceptions is germane to this case -- that "the unethical conduct established warrants substantially different discipline." R. 1:20-14(a)(4)(E). To "argue that the law of this state or the facts of the case do or should warrant the imposition of greater discipline than

that imposed in [the] other jurisdiction[],” the Director of the OAE must “establish[] such contentions by clear and convincing evidence.”  Id. § 14(a)(4).  Here, the OAE bears the burden of proving by clear and convincing evidence that respondent knowingly misappropriated law firm funds.  Respondent is entitled to produce evidence that the purported misappropriation was, in fact, a business dispute.  We must then determine whether the OAE has proven by clear and convincing evidence that the facts of the case warrant the imposition of “greater discipline than that imposed in” Utah -- namely, the sanction of disbarment.  Ibid.

### III.

The record of the Utah disciplinary proceedings shows that respondent twice misappropriated funds that belonged to his law firm and thus violated two New Jersey RPCs:  RPC 1.15(a), which requires a lawyer to “hold property of clients or third persons that is in [his or her] possession in connection with a representation separate from the lawyer’s own property”; and RPC 8.4(c), which prohibits a lawyer from “engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation.”  When a New Jersey attorney misappropriates law firm funds, the facts and circumstances of the particular case determine the sanctions warranted, up to and including disbarment.  See Siegel, 133 N.J. at 170 (“[K]nowingly misappropriating funds

6

-- whether from a client or from one's partners -- will <u>generally</u> result in disbarment." (emphasis added)); <u>see also</u> <u>Sigman</u>, 220 N.J. at 158 (explaining that <u>Siegel</u>'s holding "is not, and has never been, absolute" and that "[t]he Court has recognized in other settings that there are cases that warrant discipline short of disbarment").

The only evidence produced by the OAE in support of sanctions greater than a 150-day suspension is the record of proceedings before the Utah court. Importantly, in New Jersey disciplinary proceedings, evidence of a business dispute may be a defense to the misappropriation of law firm funds. <u>See, e.g.</u>, <u>Sigman</u>, 220 N.J. at 162 (concluding that disbarment is inappropriate where the underlying misappropriation "arose in a business dispute between the attorney and his firm"). As the OAE concedes, Utah has no such business dispute defense.

Although the Utah judge did not "see a huge amount of relevancy" in testimony concerning respondent's business dispute with the law firm, the judge did allow respondent to touch upon such evidence for the limited purpose of undermining the credibility of the testifying law firm partners. Respondent thus argues that the Utah court excluded evidence relevant to whether the misappropriation at issue arose in the context of a business dispute with his law firm.

7

The OAE acknowledges both that the Utah record lacks facts necessary to establish a business dispute defense and that evidence of the existence of a business dispute would be integral, in New Jersey, to defending against a charge of knowing misappropriation of law firm funds. It also concedes that it cannot subpoena witnesses and produce evidence beyond the Utah record to support its request for greater discipline. Nevertheless, the OAE claims that those limitations do not preclude us from relying on the Utah record to support a finding of knowing misappropriation of law firm funds warranting respondent's disbarment. We disagree.

Central to our conclusion is that in Utah, respondent's incentive to produce evidence of a business dispute was far different than what his motivation to produce such evidence in New Jersey would have been. In Utah, the court permitted respondent to elicit testimony regarding a business dispute with his law firm only to assist the court in assessing the testifying law firm partners' credibility. Here, evidence of a business dispute militates against disbarment, notwithstanding an attorney's misappropriation of law firm funds in violation of RPC 8.4(c).

Respondent claims that if permitted and motivated to do so, he could have produced additional evidence of a business dispute in Utah -- the State where the alleged business dispute occurred. The OAE and this Court agree

8

that any evidence to establish a business dispute that may have been available during the Utah proceedings remains in Utah, outside of respondent's and the OAE's reach. We therefore believe it would be fundamentally unfair and contrary to our established rules to disbar respondent here -- a greater discipline than that imposed in Utah -- based only upon the record of proceedings in Utah. See In re Gallo, 178 N.J. 115, 120 (2003) (finding that the imposition of discipline premised on an incomplete record "would not be fair" absent the opportunity for further testimony); cf. In re Gipson, 103 N.J. 75, 77 (1986) (imposing discipline where "the procedures afforded respondent accorded with principles of fundamental fairness").

Our constitutional responsibility is to determine the fitness of lawyers to practice law in New Jersey. See N.J. Const. art. VI, § 2, ¶ 3. In doing so, "we cannot ignore relevant information that places an attorney's conduct in its true light." Gallo, 178 N.J. at 120. Rather, "the details must be known, whether supportive or destructive of respondent's position." Id. at 122. Here -- as in every disciplinary matter before this Court -- respondent, the OAE, and members of the public "are entitled to a disciplinary review process in which a full, undistorted picture is the basis for disciplinary sanctions." Id. at 120. Since no such record exists here, we are without a basis for the imposition of heightened discipline.

9

Because the Utah court limited the presentation of evidence of a business dispute between respondent and the law firm, and because evidence that may exist in Utah cannot be compelled by respondent here, we cannot conclude that the OAE has proven by clear and convincing evidence that respondent knowingly misappropriated law firm funds under circumstances justifying greater discipline than that imposed in Utah.

## IV.

For the foregoing reasons, we impose a 150-day retroactive suspension of respondent's license to practice law in New Jersey.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.

10

**FILED**

In the Matter of      :    JUL 15 2019

                                     **O R D E R**

Joseph Peter Barrett,    :   *Heather J Baker*
                            CLERK

An Attorney At Law    :

(Attorney No. 003371997)    :

It is ORDERED that **Joseph Peter Barrett**, formerly of **Salt Lake City,**

**Utah**, who was admitted to the bar of this State in 1997, is suspended from the

practice of law for a period of 150 days, effective March 24, 2017, and until the

further Order of the Court; and it is further

ORDERED that **Joseph Peter Barrett** comply with <u>Rule</u> 1:20-20 dealing

with suspended attorneys; and it is further

ORDERED that pursuant to <u>Rule</u> 1:20-20 (c), respondent's failure to comply

with the Affidavit of Compliance requirement of <u>Rule</u> 1:20-20 (c) (15) may (1)

preclude the Disciplinary Review Board from considering respondent's petition for

reinstatement for a period of up to six months from the date respondent files proof

of compliance; (2) be found to constitute a violation of <u>RPC</u> 8.1 (b) and <u>RPC</u> 8.4

(c); and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2;

and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17; and it is further

ORDERED that the Order filed July 10, 2018 is vacated, as to the provision that dismissed the motion for reciprocal discipline without prejudice.

WITNESS, the Honorable Stuart Rabner, Chief Justice, at Trenton, this 15th day of July, 2019.

CLERK OF THE SUPREME COURT