*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 21-BG-856**

IN RE MARK T. THATCHER,

**2020 DDN 173**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 453658**

BEFORE:   Beckwith and Deahl, Associate Judges, and Fisher, Senior Judge.

## O R D E R
### (FILED— March 3, 2022)

On consideration of the certified order from the state of Colorado disbarring respondent from the practice of law in that jurisdiction by consent; this court's December 15, 2021, order directing respondent to show cause why reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel; and it appearing that respondent has not filed a response or his D.C. Bar R. XI, § 14(g) affidavit; and it further appearing that respondent pleaded guilty to felony theft, a crime of moral turpitude *per se*, *see* D.C. Code § 11-2503(a) (2012 Repl.); *In re Wheeler*, 871 A.2d 476, 479 (D.C. 2005), it is

ORDERED that Mark T. Thatcher is hereby disbarred from the practice of law in the District of Columbia. *See In re Sibley*, 990 A.2d 483, 487 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). It is

FURTHER ORDERED that for purposes of reinstatement, respondent's disbarment will not begin to run until such time as he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

**PER CURIAM**